**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NICE LTD., NICE SYSTEMS INC. and MATTERSIGHT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> CALLMINER, INC., <br><br> Defendant. | C.A. No. 18-02024-RGA-SRF <br><br> JURY TRIAL DEMANDED |

**DEFENDANT CALLMINER, INC.'S SUPPLEMENTAL ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant CallMiner, Inc. ("CallMiner") by and through its undersigned counsel, hereby

provides its supplemental answer to Plaintiffs NICE Ltd., NICE Systems Inc. and Mattersight

Corp.'s (collectively, "Plaintiffs") First Amended Complaint ("FAC"), filed March 11, 2019, and

asserts its defenses and counterclaims.

## GENERAL DENIAL

CallMiner denies each and every averment set forth in the FAC, except for those

allegations expressly and specifically admitted below in this Answer, Affirmative Defenses, and

Counterclaims ("Answer").  In particular, CallMiner specifically denies Plaintiffs' allegations of

patent infringement with respect to CallMiner and all CallMiner activities, products and/or

methods accused of infringement and attributed to CallMiner.

## NATURE OF THE ACTION

1.      CallMiner admits that Plaintiffs purport to bring a patent infringement action

under Title 35 of the United States Code, but CallMiner denies that it has committed any acts of

infringement. CallMiner lacks sufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the FAC, and on that basis denies each and every allegation set forth therein.

## PARTIES

2. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 2 of the FAC.

3. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 3 of the FAC.

4. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 4 of the FAC.

5. Admitted.

## JURISDICTION AND VENUE

6. CallMiner admits that Plaintiffs purport to bring a patent infringement action under Title 35 of the United States Code and that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, but CallMiner denies any liability thereunder.

7. CallMiner admits that it is a corporation organized under the laws of the State of Delaware. The remaining allegations contained in paragraph 7 of the FAC are conclusions of law to which no response of CallMiner is required.

8. The allegations contained in paragraph 8 of the FAC are conclusions of law to which no response of CallMiner is required.

9. CallMiner admits that it has conducted certain business in this judicial district. CallMiner denies the remaining allegations in paragraph 9 and explicitly denies that it has committed any acts of infringement.

10.     The allegations contained in paragraph 10 of the FAC concerning conclusions of law require no response of CallMiner.  CallMiner denies the remaining allegations in paragraph 10 and explicitly denies that it has committed any acts of infringement.

11.     The allegations contained in paragraph 11 of the FAC are conclusions of law to which no response of CallMiner is required.

12.     Admitted.

13.     The allegations contained in paragraph 13 of the FAC are conclusions of law to which no response of CallMiner is required.

14.     The allegations contained in paragraph 14 of the FAC are conclusions of law to which no response of CallMiner is required.

15.     CallMiner does not contest venue in this District pursuant to 28 U.S.C. §1391 and § 1400(b) at this time.  CallMiner admits that it is incorporated in this District, but denies any acts of infringement.

## FACTUAL BACKGROUND

16.     CallMiner admits that United States Patent No. 6,246,752 (the "'752 Patent") , entitled "System and Method for Data Recording" states on its face that it was issued on June 12, 2001, and that what purports to be the '752 Patent was attached as Exhibit 1 to the FAC.

17.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 17 of the FAC, and on that basis denies the allegations set forth therein.

18.     CallMiner admits that United States Patent No. 6,252,946 (the "'946 Patent") , entitled "System and Method for Integrating Call Record Information" states on its face that it

was issued on June 26, 2001, and that what purports to be the '946 Patent was attached as Exhibit 2 to the FAC.

19.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 19 of the FAC, and on that basis denies the allegations set forth therein.

20.     CallMiner admits that the United States Patent No. 6,785,370 (the "'370 Patent"), entitled "System and Method for Integrating Call Record Information" states on its face that it was issued on August 31, 2004, and that what purports to be the '370 Patent was attached as Exhibit 3 to the FAC.

21.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 21 of the FAC, and on that basis denies the allegations set forth therein.

22.     CallMiner admits that the United States Patent No. 6,937,706 (the "'706 Patent"), entitled "System and Method for Data Recording" states on its face that it was issued on August 30, 2005, and that what purports to be the '706 Patent was attached as Exhibit 4 to the FAC.

23.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 23 of the FAC, and on that basis denies the allegations set forth therein.

24.     CallMiner admits that the United States Patent No. 7,599,475 (the "'475 Patent"), entitled "Method and Apparatus for Generic Analytics" states on its face that it was issued on October 6, 2009, and that what purports to be the '475 Patent was attached as Exhibit 5 to the FAC.

25.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 25 of the FAC, and on that basis denies the allegations set forth therein.

26.     CallMiner admits that the United States Patent No. 7,714,878 (the "'878" Patent), entitled "Apparatus and Method for Multimedia Content Based Manipulation" states on its face that it was issued on May 11, 2010, and that what purports to be the '878 Patent was attached as Exhibit 6 to the FAC.

27.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 27 of the FAC, and on that basis denies the allegations set forth therein.

28.     CallMiner admits that the United States Patent No. 8,023,639 (the "'639 Patent"), entitled "Method and System Determining the Complexity of a Telephonic Communication Received by a Contact Center" states on its face that it was issued on September 20, 2011, and that what purports to be the '639 Patent was attached as Exhibit 7 to the FAC.

29.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 29 of the FAC, and on that basis denies the allegations set forth therein.

30.     CallMiner admits that the United States Patent No. (the "'872 Patent"), entitled "Method and System for Managing a Quality Process" states on its face that it was issued on October 8, 2013, and that what purports to be the '872 Patent was attached as Exhibit 8 to the FAC.

31.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 31 of the FAC, and on that basis denies the allegations set forth therein.

32.     CallMiner admits that the United States Patent No. 8,611,523 (the "'523 Patent"), entitled "Methods and Systems for Determining Segments of a Telephonic Communication Between a Customer and a Contact Center to Classify Each Segment of the Communication, Assess Negotiations, and Automate Setup Time Calculation" states on its face that it was issued on December 17, 2013, and that what purports to be the '523 Patent was attached as Exhibit 9 to the FAC.

33.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 33 of the FAC, and on that basis denies the allegations set forth therein.

34.     CallMiner admits that the United States Patent No. 8,694,307 (the "'307 Patent"), entitled "Method and Apparatus for Temporal Speech Scoring" states on its face that it was issued on April 8, 2014, and that what purports to be the '307 Patent was attached as Exhibit 10 to the FAC.

35.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 35 of the FAC, and on that basis denies the allegations set forth therein.

36.     CallMiner admits that the United States Patent No. 10,021,248 (the "'248 Patent"), entitled "Method and System for Analyzing Caller Interaction Event Data" states on its face that it was issued on July 10, 2018, and that what purports to be the '248 Patent was attached as Exhibit 11 to the FAC.

37.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 37 of the FAC, and on that basis denies the allegations set forth therein.

38.     CallMiner admits that the United States Patent No. 10,104,233 (the "'233 Patent"), entitled "Coaching Portal and Methods Based on Behavioral Assessment Data" states on its face that it was issued on October 16, 2018, and that what purports to be the '233 Patent was attached as Exhibit 12 to the FAC.

39.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 39 of the FAC, and on that basis denies the allegations set forth therein.

40.     CallMiner admits that the United States Patent No. 9,942,400 (the "'400 Patent"), entitled "System and Methods for Analyzing Multichannel Communications Including Voice Data" states on its face that it was issued on April 10, 2018, and that what purports to be the '400 Patent was attached as Exhibit 26 to the FAC.

41.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 41 of the FAC, and on that basis denies the allegations set forth therein.

42.     CallMiner admits that the United States Patent No. 8,204,884 (the "'884 Patent"), entitled "Method, Apparatus and System for Capturing and Analyzing Interaction Based Content" states on its face that it was issued on June 19, 2012, and that what purports to be the '884 Patent was attached as Exhibit 27 to the FAC.

43. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 43 of the FAC, and on that basis denies the allegations set forth therein.

**Plaintiffs NICE and Mattersight**

44. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 44 of the FAC.

45. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 45 of the FAC.

46. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 46 of the FAC.

47. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 47 of the FAC.

48. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 48 of the FAC.

**Defendant CallMiner**

49. CallMiner admits it was founded in 2002 and develops and sells customer service and call center software and services, but otherwise denies the characterizations of CallMiner as set forth in Paragraph 49. Further, the article located at https://callminer.com/wp-content/whitepapers/ICGCCA-CallMiner-US.pdf speaks for itself, and to the extent Plaintiff mischaracterizes in any way the content of that article, said allegations are denied.

50. Denied.

51. CallMiner admits that Plaintiffs filed a Complaint purporting to assert twelve of the Asserted Patents on December 19, 2018, but denies any acts of infringement. CallMiner

further states that the waiver of service filed on December 28, 2018 speaks for itself. D.I. 4. CallMiner denies the remaining allegations contained in paragraph 51 of the FAC.

52.    CallMiner denies any acts of infringement. Exhibit 25 to Plaintiffs' FAC speaks for itself. CallMiner denies the remaining allegations contained in paragraph 52 of the FAC.

**FIRST CAUSE OF ACTION**

**INFRINGEMENT OF U.S. PATENT NO. 7,599,475**

53.    CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

54.    Denied.

55.    CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 55 of the FAC, and on that basis denies the allegations set forth therein.

56.    CallMiner lacks sufficient information with which to form a belief as to the truth of the factual allegations contained in paragraph 56 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 56 of the FAC are conclusions of law to which no response of CallMiner is required.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    The allegations contained in paragraph 61 of the FAC are conclusions of law to which no response of CallMiner is required. CallMiner denies that it infringes the '475 Patent.

62.     CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 62 of the FAC.

63.     Denied.

64.     Denied.

## SECOND CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 10,104,233

65.     CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

66.     Denied.

67.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 67 of the FAC, and on that basis denies the allegations set forth therein.

68.     CallMiner lacks sufficient information with which to form a belief as to the truth of the factual allegations contained in paragraph 68 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 68 of the FAC are conclusions of law to which no response of CallMiner is required.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     The allegations contained in paragraph 73 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '233 Patent.

74.     CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 74 of the FAC.

75.     Denied.

76.     Denied.

## THIRD CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 8,694,307

77.     CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

78.     Denied.

79.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 79 of the FAC, and on that basis denies the allegations set forth therein.

80.     CallMiner lacks sufficient information with which to form a belief as to the truth of the factual allegations contained in paragraph 80 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 80 of the FAC are conclusions of law to which no response of CallMiner is required.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     The allegations contained in paragraph 85 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '307 Patent.

86.     CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 86 of the FAC.

87.     Denied.

88.     Denied.

**FOURTH CAUSE OF ACTION**

**INFRINGEMENT OF U.S. PATENT NO. 8,553,872**

89.     CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

90.     Denied.

91.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 91 of the FAC, and on that basis denies the allegations set forth therein.

92.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 91 of the FAC, and on that basis denies the allegations set forth therein.  The remaining allegations contained in paragraph 91 of the FAC are conclusions of law to which no response of CallMiner is required.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     The allegations contained in paragraph 97 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '872 Patent.

98.     CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 98 of the FAC.

99.     Denied.

100.    Denied.

## FIFTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,246,752

101.    CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

102.    Denied.

103.    CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 103 of the FAC, and on that basis denies the allegations set forth therein.

104.    CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 104 of the FAC, and on that basis denies the allegations set forth therein.  The remaining allegations contained in paragraph 104 of the FAC are conclusions of law to which no response of CallMiner is required.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    The allegations contained in paragraph 109 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '872 Patent.

110.     CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 110 of the FAC.

111.     Denied.

112.     Denied.

**SIXTH CAUSE OF ACTION**

**INFRINGEMENT OF U.S. PATENT NO. 6,937,706**

113.     CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

114.     Denied.

115.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 115 of the FAC, and on that basis denies the allegations set forth therein.

116.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 116 of the FAC, and on that basis denies the allegations set forth therein.  The remaining allegations contained in paragraph 116 of the FAC are conclusions of law to which no response of CallMiner is required.

117.     Denied.

118.     Denied.

119.     Denied.

120.     Denied.

121.     The allegations contained in paragraph 121 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '872 Patent.

122.    CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 122 of the FAC.

123.    Denied.

124.    Denied.

<h3 style="text-align:center"><u>SEVENTH CAUSE OF ACTION</u></h3>

<h3 style="text-align:center"><u>INFRINGEMENT OF U.S. PATENT NO. 6,785,370</u></h3>

125.    CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

126.    Denied.

127.    CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 127 of the FAC, and on that basis denies the allegations set forth therein.

128.    CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 128 of the FAC, and on that basis denies the allegations set forth therein.  The remaining allegations contained in paragraph 128 of the FAC are conclusions of law to which no response of CallMiner is required.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    The allegations contained in paragraph 133 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '872 Patent.

134.    CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 134 of the FAC.

135.    Denied.

136.    Denied.

## EIGHTH CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 6,252,946

137.    CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

138.    Denied.

139.    CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 139 of the FAC, and on that basis denies the allegations set forth therein.

140.    CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 140 of the FAC, and on that basis denies the allegations set forth therein.  The remaining allegations contained in paragraph 140 of the FAC are conclusions of law to which no response of CallMiner is required.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    The allegations contained in paragraph 145 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '872 Patent.

146. CallMiner denies any acts of infringement. Exhibit 25 to Plaintiffs' FAC speaks for itself. CallMiner denies the remaining allegations contained in paragraph 146 of the FAC.

147. Denied.

148. Denied.

## NINTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 10,021,248

149. CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

150. Denied.

151. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 151 of the FAC, and on that basis denies the allegations set forth therein.

152. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 152 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 152 of the FAC are conclusions of law to which no response of CallMiner is required.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. The allegations contained in paragraph 157 of the FAC are conclusions of law to which no response of CallMiner is required. CallMiner denies that it infringes the '872 Patent.

158. CallMiner denies any acts of infringement. Exhibit 25 to Plaintiffs' FAC speaks for itself. CallMiner denies the remaining allegations contained in paragraph 158 of the FAC.

159. Denied.

160. Denied.

## TENTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 8,611,523

161. CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

162. Denied.

163. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 163 of the FAC, and on that basis denies the allegations set forth therein.

164. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 164 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 164 of the FAC are conclusions of law to which no response of CallMiner is required.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. The allegations contained in paragraph 169 of the FAC are conclusions of law to which no response of CallMiner is required. CallMiner denies that it infringes the '872 Patent.

170.     CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 170 of the FAC.

171.     Denied.

172.     Denied.

## ELEVENTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 8,023,639

173.     CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

174.     Denied.

175.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 175 of the FAC, and on that basis denies the allegations set forth therein.

176.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 176 of the FAC, and on that basis denies the allegations set forth therein.  The remaining allegations contained in paragraph 176 of the FAC are conclusions of law to which no response of CallMiner is required.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

181.     The allegations contained in paragraph 181 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '872 Patent.

182.     CallMiner denies any acts of infringement.  Exhibit 25 to Plaintiffs' FAC speaks for itself.  CallMiner denies the remaining allegations contained in paragraph 182 of the FAC.

183.     Denied.

184.     Denied.

**TWELFTH CAUSE OF ACTION**

**INFRINGEMENT OF U.S. PATENT NO. 7,714,878**

185.     CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

186.     Denied.

187.     CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 187 of the FAC, and on that basis denies the allegations set forth therein.

188.     CallMiner lacks sufficient information with which to form a belief as to the truth of the factual allegations contained in paragraph 188 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 188 of the FAC are conclusions of law to which no response of CallMiner is required.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     The allegations contained in paragraph 193 of the FAC are conclusions of law to which no response of CallMiner is required.  CallMiner denies that it infringes the '878 Patent.

194. CallMiner denies any acts of infringement. Exhibit 25 to Plaintiffs' FAC speaks for itself. CallMiner denies the remaining allegations contained in paragraph 194 of the FAC.

195. Denied.

196. Denied.

## THIRTEENTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 9,942,400

197. CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

198. Denied.

199. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 199 of the FAC, and on that basis denies the allegations set forth therein.

200. CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 200 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 200 of the FAC are conclusions of law to which no response of CallMiner is required.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

## FOURTEENTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 8,204,884

208.   CallMiner incorporates its responses to the preceding paragraphs of this FAC as if fully set forth herein.

209.   Denied.

210.   CallMiner lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 210 of the FAC, and on that basis denies the allegations set forth therein.

211.   CallMiner lacks sufficient information with which to form a belief as to the truth of the factual allegations contained in paragraph 211 of the FAC, and on that basis denies the allegations set forth therein. The remaining allegations contained in paragraph 211 of the FAC are conclusions of law to which no response of CallMiner is required.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

## DEMAND FOR JURY TRIAL

CallMiner requests a jury trial on all claims, defenses, and counterclaims so triable.

## PRAYER FOR RELIEF

CallMiner denies that Plaintiffs are entitled to any of the relief requested in the FAC, or to any relief whatsoever.

## CALLMINER'S AFFIRMATIVE DEFENSES

CallMiner's investigation of defenses available to it is ongoing, and CallMiner therefore reserves the right to amend its Answer and to add defenses and counterclaims as its investigation continues. In further response to the FAC and as defenses, but without assuming a burden that it would not otherwise have, CallMiner alleges the following. CallMiner repeats, re-alleges and incorporates into each defense the allegations of each Paragraph of the Answer, whether numbered or not, as if fully set forth herein.

### First Affirmative Defense: Failure To State A Claim

Plaintiffs' claims are barred wholly or in part because Plaintiffs have failed to state any claim upon which relief can be granted with respect to CallMiner with sufficient specificity and/or factual support to put CallMiner on notice as to the claim being made and therefore failing to state a claim on which relief can be granted.

### Second Affirmative Defense: Noninfringement Of '752 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '752 patent.

### Third Affirmative Defense: Noninfringement Of '946 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '946 patent.

### Fourth Affirmative Defense:  Noninfringement Of '370 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '370 patent.

### Fifth Affirmative Defense:  Noninfringement Of '706 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '706 patent.

### Sixth Affirmative Defense:  Noninfringement Of '475 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '475 patent.

### Seventh Affirmative Defense:  Noninfringement Of '878 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '878 patent.

### Eighth Affirmative Defense:  Noninfringement Of '639 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '639 patent.

### Ninth Affirmative Defense:  Noninfringement Of '872 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '872 patent.

### Tenth Affirmative Defense:  Noninfringement Of '523 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '523 patent.

### Eleventh Affirmative Defense:  Noninfringement Of '307 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '307 patent.

### Twelfth Affirmative Defense:  Noninfringement Of '248 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '248 patent.

### Thirteenth Affirmative Defense:  Noninfringement Of '233 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '233 patent.

### Fourteenth Affirmative Defense:  Invalidity Of '752 Patent

One or more claims of the '752 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified

in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Fifteenth Affirmative Defense:  Invalidity Of '946 Patent

One or more claims of the '946 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Sixteenth Affirmative Defense:  Invalidity Of '370 Patent

One or more claims of the '370 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Seventeenth Affirmative Defense:  Invalidity Of '706 Patent

One or more claims of the '706 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Eighteenth Affirmative Defense:  Invalidity Of '475 Patent

One or more claims of the '475 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 et *seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Nineteenth Affirmative Defense:  Invalidity Of '878 Patent

One or more claims of the '878 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twentieth Affirmative Defense:  Invalidity Of '639 Patent

One or more claims of the '639 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twenty-First Affirmative Defense:  Invalidity Of '872 Patent

One or more claims of the '872 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twenty-Second Affirmative Defense:  Invalidity Of '523 Patent

One or more claims of the '523 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twenty-Third Affirmative Defense:  Invalidity Of '307 Patent

One or more claims of the '307 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified

in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twenty-Fourth Affirmative Defense: Invalidity Of '248 Patent

One or more claims of the '248 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twenty-Fifth Affirmative Defense: Invalidity Of '233 Patent

One or more claims of the '233 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twenty-Sixth Affirmative Defense: Noninfringement Of '884 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '884 patent.

### Twenty-Seventh Affirmative Defense: Noninfringement Of '400 Patent

CallMiner has not directly or indirectly literally infringed, contributed to the infringement of, induced infringement of, infringed through the doctrine of equivalents, or willfully infringed any valid and enforceable claim of the '400 patent.

### Twenty-Eighth Affirmative Defense: Invalidity Of '884 Patent

One or more claims of the '884 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified

in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Twenty-Ninth Affirmative Defense:  Invalidity Of '400 Patent

One or more claims of the '400 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or because of double patenting.

### Thirtieth Affirmative Defense:  Equitable Estoppel

Plaintiffs are barred from pursuing infringement allegations involving the Asserted Patents because the longstanding misleading conduct of and/or silence in failing to enforce patents against CallMiner by Plaintiffs and/or Plaintiffs' predecessors-in-interest led CallMiner to reasonably infer that Plaintiffs did not intend to enforce its patents, CallMiner relied on this conduct and/or silence, and CallMiner will be materially prejudiced by allowing Plaintiffs' claims to proceed.

### Thirty-First Affirmative Defense:  Prosecution History Estoppel And/Or Prosecution Disclaimer

The claims of the Asserted Patents are and were limited by amendment, the prior art and/or by the statements made to the United States Patent and Trademark Office during their prosecution, post-grant proceedings and/or reexamination proceedings such that Plaintiffs are now estopped and/or otherwise precluded from maintaining that such claims of the Asserted Patents are of sufficient scope to cover the Accused Instrumentalities either literally or under the doctrine of equivalents.

### Thirty-Second Affirmative Defense:  Waiver

Plaintiffs' FAC is barred by the doctrine of waiver due to Plaintiffs' actions before, during, and after prosecution of the Asserted Patents and Plaintiffs' actions in filing this action.

### Thirty-Third Affirmative Defense:  Unclean Hands

Plaintiffs' FAC is barred by the doctrine of unclean hands as a result of the acts, conduct, and omissions of Plaintiffs or others that are attributable to Plaintiffs before, during, and after prosecution of the Asserted Patents and Plaintiffs' actions in filing this action.

### Thirty-Fourth Affirmative Defense:  Limitation Of Damages

Plaintiffs' claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and 287.  Among other things, Plaintiffs' claims for damages for patent infringement are limited by 35 U.S.C. § 287 to those damages occurring only after actual notice of infringement due to at least a failure to mark the products of Plaintiffs and/or its licensees.

### Thirty-Fifth Affirmative Defense:  Exceptional Case

Pursuant to 35 U.S.C. § 285 and the standard set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), Plaintiffs filed this action without a good faith basis, making this an exceptional case.  Consequently, Plaintiffs are liable for any and all attorneys' fees, expenses and costs incurred by CallMiner in connection with this action.

### Thirty-Sixth Affirmative Defense:  No Right To Injunctive Relief

Plaintiffs are not entitled to injunctive relief because any injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate money remedy for any claim that it can prove.

## **RESERVATION OF DEFENSES**

CallMiner reserves the right to assert any additional defenses in the event that discovery or further investigation reveals the existence of such defenses.

## CALLMINER'S COUNTERCLAIMS

Defendant and Counter-Claimant CallMiner, Inc. brings the following counterclaims against Plaintiffs and Counter-Defendants NICE Ltd., NICE Systems Inc. and Mattersight Corp.

### PARTIES

1.     Defendant and Counter-Claimant CallMiner, Inc. is a corporation organized under the laws of the State of Delaware having a principal place of business at 200 West Street, Waltham, MA 02451.

2.     Plaintiff and Counter-Defendant NICE Ltd. alleges that is a corporation organized under the laws of Israel having its principal place of business at 13 Zarhin Street, Ra'anana, Israel 4366241.

3.     Plaintiff and Counter-Defendant NICE Systems Inc. alleges that it is a corporation organized under the laws of the State of Delaware having its principal place of business at 221 River Street, 10th Floor, Hoboken, NJ 07030.

4.     Plaintiff and Counter-Defendant Mattersight Corporation alleges that it is a corporation organized under the laws of the State of Delaware having its principal place of business at 200 Madison Street, Suite 3100, Chicago, IL 60606.

### JURISDICTION AND VENUE

5.     Plaintiffs filed a FAC in this Court against CallMiner asserting claims for patent infringement.

6.     Plaintiffs alleged in their FAC that CallMiner has infringed and continues to infringe the Asserted Patents.  CallMiner denies Plaintiffs' infringement allegations.

7.     This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400.

## FACTUAL BACKGROUND

9.      CallMiner was founded in 2002 as an innovator in the field of speech analytics software.  CallMiner developed and provides the award-winning speech and customer engagement analytics platform CallMiner Eureka, which empowers organizations of any size to extract and take action on intelligence from customer interactions for improving customer experience, sales, marketing, and compliance, as well as agent and customer engagement center performance. Highlighted by multiple customer achievement awards, including eight Speech Technology implementation awards in the past six years, CallMiner was recently named a leader in the industry analyst report Forrester New Wave™: AI-Fueled Speech Analytics Solutions, Q2 2018.

10.      CallMiner has pioneered many technologies in speech analytics software including the technologies claimed in U.S. Patent No. 8,583,434 (the "'434 patent") and 7,346,509 (the "'509 patent").  CallMiner owns all right, title, and interest in and to the '434 and '509 patents.

11.      The '434 patent names CallMiner co-founder Jeff Gallino as inventor and is entitled "Methods for Statistical Analysis on Speech."  Issued on November 12, 2013, the '434 patent is valid, enforceable, and has not expired.  A true and accurate copy of the '434 patent is attached hereto as Exhibit A.

12.      The '509 patent also names Mr. Gallino as inventor and is entitled "Software for Statistical Analysis of Speech."  Issued on March 18, 2008, the '509 patent is valid, enforceable, and has not expired.  A true and accurate copy of the '509 patent is attached hereto as Exhibit B.

13.     On information and belief, Plaintiffs provide speech analytics software and solutions.  For example, Plaintiffs make, use, offer to sell, sell, and/or import into the United States at least the Nexidia Engine, Nexidia Workbench, Nexidia Interaction Analytics, Nexidia Search Grid, Nexidia AudioFinder, Nexidia Audio Discovery, Nexidia Analytics, NICE Nexidia Customer Engagement Analytics Framework, NICE AIR and Engage platform (collectively "the Accused Instrumentalities").

14.     Plaintiffs have derived and will continue to derive substantial value from its speech analytics software and solutions which incorporate CallMiner's patented technologies.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,583,434)

15.     CallMiner realleges and incorporates herein by reference the allegations contained in the preceding paragraphs.

16.     CallMiner is the owner and assignee of all rights, title, and interest in the '434 patent, and holds the right to sue and recover damages for infringement thereof.  The '434 patent is valid and enforceable.

17.     The invention in the '434 patent relates generally to computer-implemented methods and an apparatus provided to facilitate the recognition of the content of a body of speech data.

18.     Plaintiffs make, use, offer to sell, sell, and/or import into the United States at least the Nexidia Engine, Nexidia Workbench, Nexidia Interaction Analytics, Nexidia Search Grid, Nexidia AudioFinder, Nexidia Audio Discovery, Nexidia Analytics, NICE Nexidia Customer Engagement Analytics Framework, NICE AIR and Engage platform (collectively "the Accused Instrumentalities").

19.     On information and belief, without a license or permission from CallMiner, Plaintiffs have infringed and continue to infringe either literally and/or under the doctrine of equivalents at least claim 1 of the '434 patent by making, using, offering to sell, selling, and/or importing at least, but not limited to, the Accused Instrumentalities without authority, either individually and/or jointly with its customers, in violation of 35 U.S.C. § 271. A claim chart setting forth certain non-limiting examples of Plaintiffs' infringement is attached hereto as Exhibit C.

20.     On information and belief, Plaintiffs induce others, including their customers and end-users, to infringe at least claim 1 of the '434 patent by encouraging and facilitating them to perform actions known by Plaintiffs to infringe and with the intent that performance of the actions will infringe. Plaintiffs have been aware of the '434 patent since at least the filing of these Counterclaims.

21.     On information and belief, Plaintiffs induce customers and end-users to make and use the claimed invention by providing the infringing Accused Instrumentalities, and instructing, encouraging, and/or teaching customers and end-users to use the Accused Instrumentalities such that they practice each of the elements of at least claim 1 of the '434 patent.

22.     Plaintiffs also contribute to the infringement of the '434 patent. Plaintiffs have been aware of the '434 patent since at least the filing of this Counterclaim. Plaintiffs have contributed to the infringement of, and continue to contribute to the infringement of, at least claim 1 of the '434 patent under 35 U.S.C. § 271. The Accused Instrumentalities constitute a material part of the invention of the '434 patent, are known by Plaintiffs to be especially made or adapted for use in infringing the '434 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

23.     Plaintiffs' direct, induced, and/or contributory infringement of the '434 patent has caused and continues to cause substantial damage to CallMiner.

24.     CallMiner has been and continues to be damaged and irreparably harmed by Plaintiffs' infringement of the '434 patent, which will continue unless this Court enjoins Plaintiffs.

25.     Plaintiffs' conduct in infringing the '434 patent renders this case exceptional under 35 U.S.C. § 285, entitling CallMiner to recover treble damages and attorneys' fees.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,346,509)

26.     CallMiner realleges and incorporates herein by reference the allegations contained in the preceding paragraphs.

27.     CallMiner is the owner and assignee of all rights, title, and interest in the '509 patent, and holds the right to sue and recover damages for infringement thereof.  The '509 patent is valid and enforceable.

28.     The invention in the '509 patent relates generally to computer-implemented methods and an apparatus provided to facilitate the recognition of the content of a body of speech data.

29.     On information and belief, without a license or permission from CallMiner, Plaintiffs have infringed and continue to infringe either literally and/or under the doctrine of equivalents at least claim 1 of the '509 patent by making, using, offering to sell, selling, and/or importing into the United States at least, but not limited to, the Accused Instrumentalities without authority, either individually and/or jointly with its customers, in violation of 35 U.S.C. § 271.  A

claim chart setting forth certain non-limiting examples of Plaintiffs' infringement is attached hereto as Exhibit D.

30.      On information and belief, Plaintiffs induce others, including their customers and end-users, to infringe at least claim 1 of the '509 patent by encouraging and facilitating them to perform actions known by Plaintiffs to infringe and with the intent that performance of the actions will infringe.  Plaintiffs have been aware of the '509 patent since at least the filing of these Counterclaims.

31.      On information and belief, Plaintiffs induce customers and end-users to make and use the claimed invention by providing the infringing Accused Instrumentalities, and instructing, encouraging, and/or teaching customers and end-users to use the Accused Instrumentalities such that they practice each of the elements of at least claim 1 of the '509 patent.

32.      Plaintiffs also contribute to the infringement of the '509 patent.  Plaintiffs have been aware of the '509 patent since at least the filing of this Counterclaim.  Plaintiffs have contributed to the infringement of, and continue to contribute to the infringement of, at least claim 1 of the '509 patent under 35 U.S.C. § 271.  The Accused Instrumentalities constitute a material part of the invention of the '509 patent, are known by Plaintiffs to be especially made or adapted for use in infringing the '509 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

33.      Plaintiffs' direct, induced, and/or contributory infringement of the '509 patent has caused and continues to cause substantial damage to CallMiner.

34.      CallMiner has been and continues to be damaged and irreparably harmed by Plaintiffs' infringement of the '509 patent, which will continue unless this Court enjoins Plaintiffs.

35.     Plaintiffs' conduct in infringing the '509 patent renders this case exceptional under 35 U.S.C. § 285, entitling CallMiner to recover treble damages and attorneys' fees.

## PRAYER FOR RELIEF

CallMiner respectfully requests that final judgement be entered as follows:

(1)     A judgment that Plaintiffs directly infringed and infringe the '434 patent;

(2)     A judgment that Plaintiffs induce and/or contribute to the infringement of the '434 patent;

(3)     A judgement that Plaintiffs directly infringed and infringe the '509 patent;

(4)     A judgment that Plaintiffs induce and/or contribute to the infringement of the '509 patent;

(5)     A permanent injunction under 35 U.S.C. § 283, enjoining Plaintiffs and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further infringement of the '434 and '509 patents;

(6)     An award of fees to CallMiner adequate to compensate CallMiner for Plaintiff's infringement of the '434 and '509 patents, including lost profits, but in no event less than a reasonable royalty;

(7)     An award of pre- and post-judgment interest on all damages to CallMiner;

(8)     A judgment declaring this case is exceptional and awarding CallMiner its expenses, costs, and attorneys' fees incurred pursuant to 35 U.S.C. § 285; and

(9)     Any further and other relief as the Court may deem just and proper.

Dated: April 20, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

*Of Counsel:*

*/s/ Denise S. Kraft*

Michael Strapp (admitted *pro hac vice*)
Safraz Ishmael (admitted *pro hac vice*)
Michael Van Handel (admitted *pro hac vice*)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: (617) 406-6000
Facsimile: (617) 406-6100
michael.strapp@us.dlapiper.com
safraz.ishmael@us.dlapiper.com
michael.vanhandel@us.dlapiper.com

Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
denise.kraft@us.dlapiper.com
brian.biggs@us.dlapiper.com
erin.larson@us.dlapiper.com

Tiffany Miller (admitted *pro hac vice*)
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
tiffany.miller@us.dlapiper.com

*Attorneys for Defendant CallMiner Inc.*